UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ivan Alberto Nieto & Robin Bernice Nieto          Civil No. 05-122 (JRT/FLN)

      Plaintiffs,

     v.                                    **REPORT AND RECOMMENDATION**

Kathleen Nystrom, Doug Hatfield,
TCF Mortgage Corp., & Citibank F.S.B.,

      Defendants.

_____

No appearance was made on behalf of Plaintiff.
Vincent Fahnlander for Defendants Kathleen Nystrom and TCF Mortgage Corp., Kerry Trapp
for Defendants Doug Hatfield and Citibank F.S.B.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on September

30, 2005, on Plaintiff's Request for a Writ of Mandamus [#10], Defendants Citibank F.S.B. and

Doug Hatfield's Motion to Dismiss [#13], and Defendants Kathleen Nystrom and TCF Mortgage

Corp.'s Motion to Dismiss [#19].  The matter was referred to the undersigned for Report and

Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons that follow, this

Court recommends Defendants' Motions be granted, and that Plaintiff's Request be denied.

## I. BACKGROUND

It appears, from Plaintiffs' unmarked exhibits to their Complaint, that Plaintiffs only contact

with Defendant TCF Mortgage Corp. arose out of a transaction wherein TCF Mortgage Corp. loaned

$89,550.00 to Plaintiffs in 1993 for the purchase of a residence in Kasson, Minnesota.  TCF took

a note and mortgage in return for the loan it extended to Plaintiffs.  It appears, from the unmarked

exhibits submitted by Plaintiffs in support of their Complaint, that TCF Mortgage Corp. has not

serviced this loan since 1995.  Plaintiffs' unmarked exhibits show that Defendant Citibank F.S.B.

issued a home equity loan to Plaintiffs in the amount of $28,000.00 on June 24, 2002.  Defendant

Citibank F.S.B. secured this loan by a second mortgage on Plaintiffs' residence.

On January 20, 2005, Plaintiffs filed the present lawsuit against Defendants.  In their

complaint Plaintiffs title their lawsuit "Libel of Review/Counterclaim in Admiralty."  Pls. Compl.

at 1.  In their complaint, Plaintiffs allege that Defendants are "agents of a foreign principle, a

'foreign state' defined at Title 28, U.S.C. sub-section 1603, and Title 22 U.S.C. sub-section 611."

Pls. Compl at 2.  Plaintiffs further allege that Defendants Citibank, F.S.B. and TCF Mortgage Corp.

are part of the World Bank and the International Monetary Fund.  Id.

Plaintiffs allege that this Court has jurisdiction over their claims because these claims

involve a federal question.  Id.  Plaintiffs' state that the federal question involved is

> a Constitutional matter involving a man on the land (American), complaining about
> theft and kidnap ~ Title 18, U.S.C. subsection 661 and sub-section 1201 respectively,
> and irregular extradition from the asylum state into the United States custody,
> treason ~ Constitution Article III, sub-section 3 and Title 18 U.S.C. sub-section 2381
> by an agent of a foreign principal, creating diversity of citizenship.

Id. at 3.  Plaintiffs' cite to various other laws, including the Thirteenth Amendment to the United

States Constitution and the 1917 Trading with the Enemy Act.  Id. at 4.  Plaintiffs' conclude their

Complaint with a request for sanctions in the amount of $105,442, to be multiplied by triple damages

"against each and all individual parties to the case."  Id.

Defendants TCF Mortgage Corp. and Kathleen Nystrom moved to dismiss the Complaint

for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil

Procedure 12(b)(6) [#19].  Defendants Citibank F.S.B. and Doug Hatfield moved to dismiss the

Complaint for lack of subject matter jurisdiction in violation of the Federal Rule of Civil Procedure

8(a)(1); for failure to comply with service of process as required by the Federal Rule of Civil Procedure 4; for failure to comply with the Federal Rules of Civil Procedure; and for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) [#13]. Plaintiff Requested that a Writ of Mandamus be issued in the present case. For the reasons that follow, the Court recommends that this action be dismissed for failure to state a claim upon which relief may be granted.

## II.  LEGAL ANALYSIS

### A.      Standard of Review

Defendants move to dismiss the Complaint because the Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). A cause of action should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief. Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 740 (8th Cir.2002) (citations omitted). In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. See Turner v. Holbrook, 278 F.3d 754, 757 (8th Cir.2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. In re Navarre Corp. Sec. Litig., 299 F.3d 735, 738 (8th Cir.2002).

Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. Neitzke v. Williams, 490 U.S. 319, 326-327 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir.1998).

*Pro se* pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); Horsey v. Asher, 741 F.2d 209, 211 n.3 (8th Cir.1984).  Although it is to be liberally construed, a *pro se* complaint must still contain specific facts to support its conclusions.  Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir.1981).

### B.    Plaintiffs Have Failed to State a Claim Upon Which Relief May Be Granted.

Construing the pleadings in this case in the light most favorable to Plaintiffs, Plaintiffs' complaint must be dismissed because it fails to state a claim upon which relief may be granted. Plaintiffs' complaint does not make any recognizable legal claims against any of the Defendants. Plaintiffs' Complaint is entitled "Libel of Review/Counterclaims in Admiralty" and the "Libel of Review" claim is repeated in Plaintiffs' Complaint.  Black's Law Dictionary defines "libel of review" as "[a] new proceeding attacking a final decree after the right to appeal has expired." BLACK'S LAW DICTIONARY, 928 (7th Ed. 1999).  Plaintiffs are not instituting a new proceeding in their Complaint that attacks a final decree after their right to appeal that final decree has expired. Plaintiffs have set forth no explanation as to what the elements of this claim are, nor have Plaintiffs offered an explanation as to how this claim relates to Defendants.  It appears beyond a doubt that the Plaintiffs cannot prove any set of facts in support of their "Libel of Review" claim that would entitle them to relief. See Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 740 (8th Cir.2002) (citations omitted).

In addition to the "Libel of Review" claim, Plaintiffs cite to several statutes in their complaint, including 18 U.S.C. § 661 (which deals with theft within the special maritime and territorial jurisdiction of the United States); 18 U.S.C. § 1201 (a kidnaping statute) and 18 U.S.C.

-4-

§2381 (a treason statute). Plaintiffs cite to these various statutes but Plaintiffs have not pled any facts that would indicate that Defendants were involved in any activity that would constitute theft, kidnaping, or treason. Plaintiffs also state that Defendants are "agents of a foreign principal, a 'foreign state.'" Pls. Compl. p. 2. Even assuming this is true, and Defendants are agents of a foreign principal, Plaintiffs fail to explain how Defendants status as such is relevant to the "Libel of Review" claim or to any of the other claims made in Plaintiffs' Complaint. Plaintiffs also fail to allege what, if any, actions taken by Defendants are the subject of the current action.

Even though a *pro se* complaint is to be liberally construed, the complaint must still contain specific facts to support its conclusions. See Kaylor, 661 F.2d at 1183. It is not clear what the bases of Plaintiffs' claims are for the current lawsuit against Defendants. Plaintiffs' complaint fails to allege any facts on which to support a claim against Defendants. Plaintiffs' Complaint fails to contain a specific claim upon which relief may be granted. Plaintiffs' Complaint fails to state an actionable claim against Defendants. Therefore, the complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), as it fails to state a claim upon which relief may be granted.

## C.    Plaintiffs' Request For a Writ of Mandamus Is Without Merit

Black's Law Dictionary defines a writ of mandamus as "[a] writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly." BLACK'S LAW DICTIONARY, 973 (7th ed.1999). In their request for a writ of mandamus, Plaintiffs' state that they are "owed default and default judgement by Richard D. Sletten or acting clerk of United States District Court District of Minnesota." Pls. Writ of Mandamus, at 1. Plaintiffs cite to Federal Rule of Civil Procedure Rule 55(a), which states "[w]hen a party against whom a judgement for affirmative relief is sought has failed to plead or otherwise defend as

provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

It seems that Plaintiffs believe that they are entitled to a default judgment. However, Plaintiffs never state how Federal Rule of Civil Procedure 55(a) relates to the present case. Plaintiffs do not explain why they are owed a default judgment or whom the Clerk of Court should be directed to enter a default judgment against. Plaintiffs do not present any argument concerning this matter. Therefore, a writ of mandamus cannot be issued on behalf of Plaintiff in the present case.

## III.  RECOMMENDATION

Based on the files, records and proceedings herein, it is **HEREBY RECOMMENDED** that Defendants Citibank F.S.B. and Doug Hatfield's Motion to Dismiss [#13] and Defendants TCF Mortgage Corp. and Kathleen Nystrom's Motion to Dismiss [#19] be **GRANTED** and that Plaintiff's Request for a Writ of Mandamus [#10] be **DENIED.**


DATED: October 12, 2005                        s/ *Franklin L. Noel*_____
                                               FRANKLIN L. NOEL
                                               United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 31, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **October 31, 2005,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.